## Case No. 16,709.

UNITED STATES v. WILLIAMS et al.

[1 Cranch, C. C. 178.] [1]

Circuit Court, District of Columbia. July Term, 1804.

COUNTERFEITING BANK NOTES—LIST OF WITNESSES AND JURORS—WITNESS FEES.

1. A prisoner, indicted for counterfeiting a note of the Bank of the United States, is not entitled to a list of witnesses and jurors two days before pleading, although the statute makes it felony.

[Cited in U. S. v. Coppersmith, 4 Fed. 202.]

2. A witness may be allowed his fees although not regularly summoned.

[Cited in Cummings v. Akron Cement & Plaster Co., Case No. 3,473; Re Williams, 37 Fed. 326; Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 281.]

The prisoners [Philip Williams and Jacob Ray] being brought up to be arraigned for counterfeiting a bank-note of the United States for fifty dollars,—

Mr. Key, counsel for prisoner, observed that the act of congress (1 Stat. 573) has made it felony, and the act of April 30, 1790, § 29 (ut sup. 118) entitles the prisoners to a copy of the indictment and a list of witnesses in all capital cases. Every felony at common law is a capital offence. He therefore demanded for the prisoners a list of witnesses and jurors, and a copy of the indictment two days before pleading.

Mr. Mason denied that congress, by making it felony, had made it a capital offence. It was not a felony at common law, and the act, at the same time that it makes it a felony, prescribes a punishment less than death.

## Case No. 16,710.

UNITED STATES v. WILLIAMS.

[2 Cranch, C. C. 438.] [1]

Circuit Court, District of Columbia. Nov. Term, 1823.

MURDER AND MANSLAUGHTER—KILLING CONSTABLE MAKING DISTRESS FOR RENT.

1. A constable, in levying a distress for rent in the county of Alexandria, is not acting in the

1 [Reported by Hon. William Cranch, Chief Judge.]

discharge of his official duty, within the principle of the law which makes the killing murder, when it would not have been murder if he had not been an officer; and the constable can justify by those acts only which would have justified the landlord if he had personally distrained.

2. A distress for rent is not lawful, unless there was an express contract for a certain rent.

3. If a tenant kill a constable who comes to make an unlawful distress, the jury may, according to the circumstances of the case, find their verdict for manslaughter.

This was an indictment charging the prisoner [Elizabeth Williams, alias Betsy Chinguapin] with murder by killing one Elijah Chenault, a constable, who came to the house occupied by the prisoner to levy a distress for rent, under a written order from one Holbrook, the landlord, in these words: "Alexandria, 31st July, 1823. Betsy Williams to Abiel Holbrook, Dr. To rent, two months and fifteen days, $6.25. Mr. Chenault: Distrain for this rent, and compel Williams to quit the premises immediately."

Upon the trial, Mr. Taylor, for the prisoner, prayed the court to instruct the jury: (1) That the order did not purport to be an authority to him to act as constable; (2) that, if it does so import, it is not a warrant to which the prisoner was bound to yield implicit obedience, and that it is not evidence of a right to distrain, or to dispossess the tenant; and (3) that the order was illegal on its face.

Mr. Swann, Attorney of the United States, contra. The law contemplates that distresses will be made by a sheriff or other officer. Their fees for levying a distress are regulated by law. It is not necessary in the order to call him "constable," if he were in fact a constable. It is generally understood in Virginia that a distress can only be made by an officer. The order to distrain is not vitiated by the order to turn the tenant out of possession.

THE COURT (THRUSTON, Circuit Judge, absent) instructed the jury that Chenault, in executing the order to distrain, was not acting in the discharge of his official duty, within the principle of law which makes the killing murder when it would not have been murder in case of the killing of a man who was not an officer, because he was executing a private authority only, and not acting in the public administration of justice; and that Chenault could only justify his act by the same facts which would have justified the landlord if he had personally distrained.

THE COURT also instructed the jury, at the prayer of the prisoner's counsel, that the distress was not lawful, unless there was an express contract for a certain rent.

THE COURT also was of opinion that it was competent for the jury, upon this indictment, to bring in a verdict of manslaughter, although they should be satisfied that Chenault was not then in the execution of his official duty when he was killed.

Verdict, guilty of manslaughter.